# COURT OF APPEALS.

## STYLES agt. FULLER.

*Practice — Action — Effect of bankruptcy of plaintiff after action begun, where the answer is a general denial.*

The rights of parties to a legal action are to be determined as they were at its commencement, unless some event, happening subsequently, and affecting those already in issue, is presented by supplementary pleadings to the court, and the fact that plaintiff, after the commencement of the action, was declared a bankrupt, and that the cause of action had passed to his assignee, cannot be proven on the trial where the answer was a general denial.

*Edwin G. Davis*, for appellant.

*William F. MacRae*, for respondent.

DANFORTH, *J.*— This suit was commenced in June, 1876. The complaint stated a good cause of action, and the answer of the defendant was in substance a general denial. The verdict of the jury upon the issues thus found was in favor of the plaintiff, and sustained his allegations. To defeat a recovery the defendant on the trial offered to prove that in May, 1877, the plaintiff was adjudged a bankrupt, and the alleged cause of action passed to his assignee. The offer was properly rejected. The rights of parties to a legal action are to be determined as they were at its commencement, unless some event, happening subsequently, and affecting those already in issue, is presented by supplemental pleadings to the court. Here the matter offered in evidence was not pleaded, and for that reason, if no other, was properly excluded. No other question is presented to justify this appeal. It should therefore fail, and the judgment be affirmed.

All concur, except MILLER, *J.* absent.